# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSEPH L. HOWARD,**

        **Petitioner,**

v.                                         Case No. 25-CV-1062

**DAISY CHASE,**

        **Respondent.**

## ORDER

The respondent has moved to dismiss Joseph L. Howard's petition for a writ of habeas corpus because Howard failed to exhaust his state court remedies with respect to grounds two, three, and four. (ECF No. 8.) Howard failed to respond to the respondent's motion. (ECF No. 3 at 2 (requiring Howard to respond to any motion to dismiss within 28 days).)

A petitioner must exhaust his state court remedies before presenting that claim in a habeas petition under 28 U.S.C. § 2254. To exhaust a claim, the petitioner must present it to one complete round of review by the state courts, which in Wisconsin includes requesting that the Wisconsin Supreme Court review the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Having reviewed the respondent's motion, the court finds that Howard failed to exhaust his claims that trial counsel was ineffective for failing to call four witnesses

(ECF No. 1 at 7), that postconviction counsel was ineffective for failing to provide Howard with records that prevented him from assisting in his own appeal (ECF No. 1 at 8), and that the trial court erred by denying Howard's request for a new attorney (ECF No. 1 at 10).

In his petition for review to the Wisconsin Supreme Court Howard presented only a single claim: that trial counsel violated the Sixth Amendment when he conceded that Howard killed the victim but argued that he did so in self-defense. (ECF Nos. 9-5; 9-6.) There is no indication that Howard ever presented his second and third claims to any state court, much less one complete round of review. It does appear that Howard included his claim regarding his request for new counsel in his initial appeal (ECF No. 9-2 at 13-15), but he abandoned that claim after the court of appeals remanded the case for a hearing. Consequently, his fourth claim is likewise unexhausted.

Because Howard's petition includes both an exhausted claim and unexhausted claims it is "mixed." *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). The court cannot grant a mixed petition and therefore may dismiss it in its entirety. *Id*.

Alternatively, a petitioner may voluntarily dismiss his unexhausted claims, thereby allowing the court to consider his exhausted claim. But because a petitioner is generally limited to only a single federal habeas petition, *see* 28 U.S.C. § 2244(b)(1), choosing this path will usually mean that the petitioner gives up the chance to have a federal court consider his unexhausted claims.

If a petitioner has any means left by which to exhaust his claims, the petitioner may voluntarily dismiss his petition in its entirety and return to federal court when he has exhausted all his claims. That path, however, risks running afoul of the strict one-year deadline for bringing federal habeas petitions. *See* 28 U.S.C. § 2244(d)

Therefore, another option is to request that the court stay the proceedings on the petition and hold it in abeyance while the petitioner exhausts his state court remedies. *See Rhines v. Weber*, 544 U.S. 269, 271 (2005). But a stay and abeyance is available only under limited circumstances. *Id.* at 277.

When a petition contains unexhausted claims for which exhaustion is unavailable (*i.e.* claims that are procedurally defaulted) and claims for which exhaustion may still be possible, a combination of paths may be appropriate. For example, procedural default may be excused under limited circumstances. *See Love v. Vanihel*, 73 F.4th 439, 447 (7th Cir. 2023).

Ultimately, it is up to the petitioner to review all his options and decide how he wishes to proceed. No later than **28 days** from the date of this order, Howard shall respond and state how he wishes to proceed in light of his mixed petition. **If Howard fails to timely respond, the court will dismiss his petition and this action.** The respondent may respond within **21 days** of Howard's response to this order.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 7th day of November, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
